Alfred **HAGEN**, Appellant,

v.

**TRAILL COUNTY, a political subdivision, Donna Oelrich, County Treasurer, Traill County, Traill County Board of Health, Stewart A. Larson, Chairman, Del Hvlinka, Marilyn Holo, Caledonia Township, a political subdivision, Board of Supervisors of Caledonia Township, Willard McDonald, Chairman, Earl Cuthbertson, Bernard Wright, Appellees.**

No. 82–1785.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1983.

Decided June 6, 1983.

Nicholas J. Spaeth, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N.D., and Ronald H. McLean, Steven K. Aakre of Tenneson, Serkland, Lundberg, Erickson & Marcil, Ltd., Fargo, N.D., for appellees.

Gary K. Wood, Stone, Ribble, Bremseth, Meyer & Wood, Minneapolis, Minn., Alan J. Sheppard, Fargo, N.D., for appellant.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and ROBERTS, District Judge.*

PER CURIAM.

Alfred Hagen filed this action against Traill County and Caledonia Township and their various officials alleging a claim for damages under 42 U.S.C. §§ 1985 and 1983 for destroying his buildings and personal property without affording him federal due process.[1] The district court granted the defendants' motion for summary judgment dismissing Hagen's complaint. We affirm.

Hagen is the owner of three lots of real estate in Caledonia Township, Traill County, North Dakota, which contained unoccupied buildings and personal property. After receiving complaints from Hagen's neighbors that the property was a health hazard, Traill County and Caledonia Township officials gave Hagen oral and written notice that the land and buildings were a health hazard and instructed him to abate the hazards or the property would be destroyed. Hagen attended a meeting of the Caledonia Township Board of Supervisors on April 9, 1979, and was allowed to discuss the condition of the parcel with the township supervisors. After Hagen was again notified on July 25, 1979, and had discussed the matter with the Traill County State's Attorney on August 15, 1979, Caledonia Township abated the nuisance and buried the debris.

■ Hagen claims he was not given adequate procedural protection in that he was given insufficient notice and hearing prior to destruction of his mobile home and its contents by the county. *See Pioneer Savings & Loan Co. v. City of Cleveland,* 479 F.2d 595 (6th Cir.1973); *Miles v. District of Columbia,* 510 F.2d 188 (D.C.Cir.1975); *Traylor v. City of Amarillo,* 492 F.2d 1156 (5th Cir.1974); *see also Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). The record shows, however, as the district court found, that Hagen

was notified by letters dated May 1978 and March 1979 to clean up the property or the buildings would be destroyed. He appeared before the township board on April 9, 1979, and the chairman of the County Board of Health on August 15, 1979. Further, as found by the district court, the notice of July 25, 1979, which was personally served on Hagen and which informed him that if he did not clean up the property by August 20, 1979, the property would be removed, clearly apprised Hagen of the circumstances and immediate threat to his property. At no time did Hagen request further hearings on the matter. After numerous warnings, Hagen failed to take any actions to abate the nuisance. We agree with the district court's conclusion that the defendants provided adequate procedural protection to Hagen prior to destruction of his property.

■ Hagen urges the denial of federal due process provides him standing to challenge N.D.Cent.Code § 23–05–04 (1978) in that the statute makes no provision for notice or an opportunity to be heard before the County Board of Health; he urges the statute requires no specific finding before a property can be declared a "nuisance, source of filth, or cause of sickness." He thus urges the statute is unconstitutional.

The Supreme Court has observed: "if there is no constitutional defect in the application of the statute to a litigant, [there is] not ... standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." *County Court of Ulster County v. Allen,* 442 U.S. 140, 155, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979); *see also Broadrick v. Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2914, 2915, 37 L.Ed.2d 830 (1973). Here we find no denial of due process to Hagen. Thus, we affirm the district court's holding that Hagen was without standing to challenge the constitutionality of N.D.Cent.Code § 23–05–04 (1978) on its face.

Accordingly, we affirm the district court.

---

* Ross T. Roberts, United States District Judge, Western District of Missouri, sitting by designation.

1. On appeal Hagen has abandoned his claim under section 1985.