607 F.Supp. 614 (1985)
Lawrence LEWIS, Plaintiff,
v.
CITY OF ST. LOUIS, et al., Defendants.
No. 82-1121 C(5).
United States District Court, E.D. Missouri, E.D.
April 25, 1985.
*615 Murry A. Marks, St. Louis, Mo., for plaintiff.
Joseph R. Niemann, City Counselor, John Morton, Asst., St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
On December 1, 1983, by agreement of the parties, all issues raised by the pleadings, except for damages, were ordered to be submitted by summary judgment proceedings. After analysis of these proceedings, the Court determined on March 30, *616 1984, that there were material issues of fact that needed to be submitted in an evidentiary hearing, and summary judgment was denied. A full hearing was had and the case is now before the Court on the merits both as to the facts and the law.
Pursuant to § 123, St. Louis City Ordinance No. 58032, the city condemned and demolished a building owned by plaintiff. In this suit, plaintiff challenges the constitutionality of the ordinance as being violative of the Fifth and Fourteenth Amendments. Plaintiff also maintains the ordinance does not comply with the standards required by 42 U.S.C. § 1983.
The thrust of plaintiff's complaint is that St. Louis City Ordinance No. 58032, § 123, violates due process of law as it does not afford adequate notice and opportunity to be heard before condemnation of private property and subsequent demolition. Although there is testimony that the notice requirements may not have been implemented properly, the complaint does not contain any request that plaintiff should prevail because defendant failed to send adequate notice of the condemnation process to plaintiff. Rather, plaintiff maintains only that the ordinance did not provide for adequate notice and was thereby defective. Nevertheless, the Court will address the issue of the alleged defective ordinance, as well as whether plaintiff received due process whether or not the ordinance may be constitutionally unsound.
Section 123.2.1 of the ordinance provides that if a building has certain defects, in violation of the Building Code, then the Building Commissioner shall notify the building's owner of the defects and shall order the owner to demolish or repair the building within seven days. Section 123.2.2 provides that if the owner fails to comply with the Commissioner's order, the Commissioner shall proceed to do the work specified in the order. Section 123.4 provides that the order shall be served in any one of several ways: by delivery to the owner, by posting, by mailing or by publication. If mailing is chosen, notice of the order shall be mailed to the owner's "place of business or residence in the City or elsewhere, said notice to be deemed served twenty-four (24) hours after the mailing of said notice, in case it is directed to the business or residence address of the owner in the City." Section 123.8 provides that the owner may appeal the Building Commissioner's order within seven days after service to the Board of Building Appeals, in which case the Board will hear the matter. The appeal stays enforcement of the order by the Commissioner. § 126.6.
Plaintiff sets forth several arguments why § 123 does not provide for adequate notice and opportunity to be heard. They include the following: only one notice need be mailed; service is deemed complete after 24 hours even if the notice is returned; notice of impending demolition is not required; and only seven days is allowed for appeal, which does not give enough time if mail is delayed or notice is not received.
Under the Fourteenth Amendment, a person may not be deprived of life, liberty or property without due process of law. Ordinarily, due process requires notice and an opportunity to be heard prior to the deprivation of any of the three protected interests. Board of Regents v. Roth, 408 U.S. 564, 570 n. 7, 92 S.Ct. 2701, 2705 n. 7, 33 L.Ed.2d 548 (1972). Plaintiff alleges that defendant demolished his building depriving him of his property, a protected interest and that the ordinance is violative of the constitution as it does not provide that he receive adequate notice and an opportunity to be heard before the building is raised.
Both parties rely on the case of Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In Mullane, the Supreme Court held that notice by publication of an action to settle the accounts of a common trust fund was not sufficient to inform beneficiaries of the trust whose names and addresses were known. Subsequently, the Court has held that notice of condemnation proceedings published in a local newspaper was inadequate to inform a landowner of the proceedings when the name was known *617 to the condemning officials. Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).
The Supreme Court has also held that posting summons or notices is also an inadequate means of providing notice of a proceeding. Greene v. Lindsey, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982); Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). A recent decision has applied the inadequacy of posting notice as applicable to a mortgagee at a tax sale. Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).
In proceedings involving life, liberty or property actual notice or something designed to ensure actual notice is required. Personal service constitutes actual notice and notice by mail is designed to ensure actual notice and thereby satisfies minimal requirements of due process. Mennonite, supra, 103 S.Ct. at 2712; Schroeder v. City of New York, supra, 371 U.S. at 214, 83 S.Ct. at 283.
Section 123.4 of St. Louis City Ordinance No. 58032 providing for notice to property owners in condemnation cases is apparently defective insofar as posting or publication of the notice is determined to be actual notice. This decision need not be made, however, as the Court finds that plaintiff had an opportunity to be heard before demolition of his property, and thereby was accorded due process. As he received due process he does not have standing to attack the constitutionality of the ordinance. Hagen v. Traill County, 708 F.2d 347 (8th Cir.1983).
The plaintiff, Lawrence Lewis, owned a vacant apartment building and lot at 5951-55 DeGiverville, St. Louis, and it is this building which was demolished by defendant in 1982. At all relevant times, he resided at 4209 Shreve, St. Louis. Neither address was listed for Lewis in the telephone directory for the relevant years; however, his DeGiverville address is listed as his residence on the warranty deed of October 12, 1978, when he acquired the property. His place of business was a service station he operated at 1511 North Grand, St. Louis.
In the Spring of 1981, the Division of Building and Inspection inspected the DeGiverville building and found it to be in a very poor and unsafe condition. The Building Commissioner accordingly mailed a "Notice of Condemnation" to plaintiff on June 4, 1981. This "Notice" was issued under § 123 of the ordinance. The "Notice" listed the defects; ordered Lewis to have the building repaired or removed; set forth the appeals process under § 123.8; and further stated that if Lewis did not appeal within seven days or obey the order, the Commissioner would have the unsafe "conditions abated by demolition work and/or whatever work deemed necessary to secure public health, safety and welfare...". The "Notice" was mailed to the DeGiverville address and was returned because no one lived in the building. The "Notice" was not mailed to the Shreve address despite the fact that the address was contained in records of the Division of Building and Inspection. The DeGiverville address was used because that was shown as Lewis' address on the City Real Estate Register. A copy of the "Notice" was also posted on the DeGiverville building.
The Building Division applied to the Division of Heritage and Urban Design in the Department of Public Safety for permission to demolish the DeGiverville building. On July 17, 1981, the Division of Heritage and Urban Design sent Lewis a letter addressed to the DeGiverville address. The form letter stated that a meeting of the Heritage and Urban Design Commission would be held July 23 and that Lewis' project had been referred to the Commission. Nothing was said about condemnation or demolition. This letter also was returned by the post office. At the July 23 meeting, the Commission denied the Building Commissioner's application. At least one member of the Commission voted against demolition because he was not satisfied that Lewis had been given adequate notice. This, and other actions of the Commission, were not taken under Ordinance *618 No. 58032, § 123, but instead were done under Ordinance No. 57986, which required approval of demolition by the Commission. The plaintiff does not challenge the constitutionality of No. 57986, which governs proceedings of the Commission.
The Skinker-DeBaliviere Community Council (hereinafter Community Council), a corporation attempting to redevelop the area in which the DeGiverville building was located, appealed the Commission's decision because of complaints from nearby residents, about the deplorable condition of plaintiff's building and the deleterious effect it was having on their properties. The appeal was to the Commission, so it was in effect a request for reconsideration. The Commission took up the matter at its September 24, 1981 meeting.
In April and August, 1980, Richmond Coburn, Executive Director of the Community Council, wrote plaintiff at his Shreve address complaining about the threat his property is to the neighborhood. During the condemnation proceedings, Coburn called Lewis' Shreve residence and talked with the person who answered about Lewis' plans for the building. A week or more before the September 24, 1981 meeting, Coburn sent Lewis a registered letter addressed to the Shreve residence notifying him of the hearing before the Commission. The post office returned the letter because plaintiff refused acceptance. The letter stated that an application to demolish the DeGiverville building was set for a hearing on September 24, 1981. Coburn told the Commission of these facts at the September 24th meeting, in the absence of plaintiff who did not appear.
At the meeting, the Commission voted to approve demolition. On September 24, notice of the decision was sent to Lewis at the DeGiverville address. This letter also was returned as undeliverable. The notice stated that demolition had been approved and that any aggrieved person could appeal the decision to the Commission within thirty days. Demolition was to be delayed until after the thirty-day period in order to allow opportunity for appeal. Lewis did not appeal and the building was demolished in July, 1982.
In the Spring of 1981, when the plaintiff's building was inspected, it was in a severe state of disrepair. The building was unoccupied except for an occasional overnight derelict. Most of the windows and doors were out except for some, which were boarded up. Previous fires had ravaged the interior and some portions were gutted. On one occasion the inspector did not venture past the ground floor because of his concern as to the safety of the upper floors which were only partially intact. Timbers were hanging loose and there was substantial burning and charring throughout the interior.
If there is no constitutional defect in the application to the plaintiff of the ordinance complained of, plaintiff has no standing to rely on the suggested defect. Hagen v. Traill County, supra, 708 F.2d at 348; County Court of Ulster County v. Allen, 442 U.S. 140, 155, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979).
The Court finds no denial of due process to plaintiff. In the 1981 condemnation proceedings, plaintiff had four opportunities to be heard. The first was the chance to appeal the Commissioner's decision in the June 4th Notice of Condemnation. This was mailed to plaintiff's DeGiverville address which was listed on plaintiff's deed as his residence address. That address was listed as plaintiff's address in the St. Louis real estate register, although his apparent actual residence was at the Shreve address. Plaintiff must be held accountable for the listing as the real estate register is made up from the residence address listings on deeds of conveyance. As no residence address was listed for plaintiff in the telephone directory during the years in question, the commission had no obligation to investigate an address different from the one listed in the register. The June 4th Notice was also posted on the front of the premises and plaintiff himself testified he visited the building at least one time per month.
*619 The second opportunity for notice was that of the Heritage Commission's meeting of July 23, 1981. This, too, was sent to the DeGiverville address by mail.
The third notice was that sent by mail to plaintiff at his Shreve address. The notice stated that an application to demolish the DeGiverville building was set for a hearing on September 24, 1981.
The final notice was that of a right of appeal of the Commission's order of condemnation, mailed to plaintiff on September 25th at the DeGiverville address.
Plaintiff did not receive any of the notices; however, this is not attributable to any denial of due process by defendant. The first, second and fourth notices were sent to plaintiff at his residence address listed in his deed of conveyance. The third notice was sent to plaintiff at his Shreve address but it was returned as plaintiff refused acceptance. The first notice was also posted at the building involved and plaintiff visited that structure at least monthly.
Although these facts are not a substitute for actual notice to plaintiff, they are sufficient to provide minimum requirements of due process.
Plaintiff, in asserting he has not received due process from defendant, is not without some obligation. In 1978, plaintiff bought the building for $20,000.00. In early 1981, the structure was severely damaged by fire. As a result of the fire, plaintiff collected from his insurance carrier a sum for fire damage in excess of the purchase price. The remaining building became a nuisance and safety hazard about which concerned neighbors complained. The only attempt made to bring the structure to building code requirements was to board some of the destroyed windows and doors. In a period beginning June 4, 1981, with the condemnation notice, through October 24, 1981, the last time for appealing the demolition order, plaintiff made no effort to protect his own interests much less to carry out his building code obligations. Although he visited the building at least monthly, he did not see the posted notice of condemnation. Mail delivered to the residence address listed on his deed was not claimed by plaintiff. Notification of the condemnation hearing, sent to his Shreve address was returned unclaimed by plaintiff.
Obviously, when the first and second notices were mailed to plaintiff at his DeGiverville address and were returned, the defendants were apprised that actual notice was not being obtained. The third notice sent by the Community Council was mailed to plaintiff at the Shreve address. It, too, was returned as undeliverable. The failure to obtain notice at the Shreve address was reported to defendant, who then returned to the DeGiverville address for the final notice. Defendants can do little more than to use the only two residence addresses known and when mail deliveries are unsuccessful at both addresses, it must appear plaintiff is unavailable for actual notice. Considering the ravaged condition of plaintiff's building and his failure to cause it to conform to building code requirements and the unavailability of plaintiff for mail notification at two residence addresses, it can be concluded that plaintiff has abandoned his property, as well. In such event, defendants' attempts to notify plaintiff of the condemnation proceedings constitute an adequate furnishing of due process. Mullane v. Central Hanover Bank and Trust Co., 70 S.Ct., supra at 658.
As to plaintiff's claim under 42 U.S.C. § 1983, it is well settled that the State of Missouri and its subdivisions and municipalities provide adequate mechanisms for compensating property owners whose property is either taken for public use or demolished because of failure to conform to building code requirements. The availability of these mechanisms precludes plaintiff from asserting a claim under 42 U.S.C. § 1983. Barron Collier v. City of Springdale, 733 F.2d 1311, 1317 (8th Cir.1984).
The foregoing constitutes findings of fact and conclusions of law as required by *620 Rule 52 of the Federal Rules of Civil Procedure.
Judgment will be entered for defendants.