**Robert HROCH, Plaintiff–Appellant,**

v.

**CITY OF OMAHA, a municipal corporation; Anderson Excavating and Wrecking Company, a Nebraska Corporation, Defendants–Appellees.**

No. 92–3499.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1993.

Decided Sept. 15, 1993.

---

Steven Achelpohl, Omaha, NE, argued, for plaintiff-appellant.

Alan Thelen, Omaha, NE, argued, for City of Omaha.

Irving B. Epstein, Omaha, NE, argued (Herbert M. Fitle, on brief) for Anderson.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

LOKEN, Circuit Judge.

Robert Hroch appeals the district court's [1] grant of summary judgment dismissing his action under 42 U.S.C. § 1983 against the City of Omaha and Anderson Excavating & Wrecking Company. Hroch argues that the defendants violated his procedural due process rights by demolishing buildings not included in the City's notice of condemnation, and violated his Fourth Amendment rights when they implemented the condemnation order without a warrant. We affirm.

## I.

Hroch is in the business of demolishing buildings. He also owns numerous parcels of real property. In 1978, Hroch purchased the abandoned Alamito Dairy buildings in Omaha. The premises included at least four structures and were defined by a single legal description. The entire property was typically identified by Hroch and others as "2601 Leavenworth Street," which was the only street address used for the premises by the

---

1. The HONORABLE LYLE E. STROM, Chief Judge of the United States District Court for the District of Nebraska.

Postal Service, local utilities, and the county tax assessor. Hroch utilized the dairy buildings for storage until their demolition in early 1990. The buildings deteriorated, became a haven for transients, and were the subject of numerous public complaints. The City condemned these structures in 1984 and again in 1986, but each time Hroch obtained a state court injunction blocking the proposed demolition.

On May 18, 1989, following a warrant search of one of the buildings, the City sent Hroch a letter that listed some thirty-nine cited "deficiencies," suggested that Hroch obtain a permit to repair or demolish "this commercial building," and advised that a hearing would be held if he did not do so. Hroch did nothing. On June 29, the City sent Hroch notice that a condemnation hearing would be held on August 3, 1989. The notice recited the legal description of the entire Alamito Dairy property but specifically referred only to "the commercial building situated on the above described property." Though he received this notice, Hroch did not attend the condemnation hearing.

On August 7, 1989, the City sent Hroch a formal notice of condemnation. This notice set forth the legal description of the entire property, added the reference, "Commonly known as 2601 Leavenworth Street," and then recited:

> WHEREAS, on August 3, 1989, a condemnation hearing was held and the above mentioned buildings was declared a nuisance and condemned.
>
> THEREFORE, you as owner ... are hereby ordered to demolish and remove the above mentioned buildings. You shall have fifteen (15) days from the date of this hearing to appeal to the City Council.... If no appeal is taken by that time, this order will become effective at that time and will be final, as provided by Chapter 43 of the Omaha Municipal Code.

Hroch did not appeal. Instead, in September 1989, he petitioned the Douglas County District Court to enjoin the demolition on due process and other grounds. The state court denied an injunction. The record does not reflect the final disposition of that lawsuit.

In December 1989, after the City had selected Anderson Excavating as the demolition contractor, Hroch's attorneys wrote Anderson, stating:

> It is our understanding that you have been awarded the contract for the demolition of 2601 Leavenworth. Please be advised that the validity of the condemnation order is currently the subject of litigation in the District Court of Douglas County, Nebraska. You are advised that the bid calls for the demolition of 2601 Leavenworth, *not* 2615 Leavenworth.

In early 1990, Anderson Excavating demolished all of the Alamito Dairy buildings lying within the legal description set forth in the condemnation notices. Hroch then commenced this damage action.

## II.

█ Hroch first contends that, because some of the Alamito Dairy buildings were located at 2615 Leavenworth Street, his right to procedural due process was violated when those buildings were demolished without fair notice. At the outset, we must disagree with the City's contention that this issue is controlled by *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), which held that the existence of an adequate postdeprivation remedy under state law precludes a § 1983 action based upon procedural due process in certain circumstances. Here, the State could and in fact did afford Hroch a predeprivation remedy designed to protect his interest as the owner of property sought to be condemned as a nuisance. After *Zinermon v. Burch*, 494 U.S. 113, 132, 110 S.Ct. 975, 986–87, 108 L.Ed.2d 100 (1990), we think it clear that the constitutional adequacy of this predeprivation remedy may be challenged under § 1983, regardless of whether a postdeprivation remedy is also available.

█ Nevertheless, we conclude that Hroch's procedural due process contention is without merit. Hroch does not challenge the predeprivation procedures prescribed in the City's condemnation ordinances as facially invalid. Thus, he does not challenge the "established state procedure," as the plaintiff did in *Logan v. Zimmerman Brush Co.*, 455

U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982). Rather, Hroch argues that the City failed to give him adequate notice that all the Alamito Dairy buildings were being condemned, and thus failed to adequately *implement* its constitutionally sufficient procedures. This argument fails for two reasons.

First, Hroch abandoned this claim when he failed to take advantage of any of the predeprivation remedies afforded by the City. Hroch did not respond to the City's May 18, 1989, suggestion that he apply for a permit to repair or demolish the cited building; if he had, he would surely have learned whether the City was also concerned about the condition of the other Alamito Dairy buildings. Nor did Hroch attend the August 3 condemnation hearing, where the scope of the requested condemnation order could have been clarified and debated. He did not appeal the August 7 condemnation order to the City Council, even though the ambiguous breadth of the order was apparent by comparing the legal description contained in the notice with its grammatically incorrect reference to "buildings was declared a nuisance." Finally, Hroch did not include this issue in his unsuccessful petition to the state court to enjoin the demolition. "The fundamental requirement of due process is the *opportunity* to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (emphasis added) (citation omitted). In these circumstances, Hroch waived his procedural due process objection to the City's condemnation notices. *See Riggins v. Board of Regents,* 790 F.2d 707, 712 (8th Cir.1986).

■ Second, Hroch obviously had actual notice, as well as fair notice, that the City was seeking to condemn all the Alamito Dairy buildings. This was the City's third attempt to condemn these structures. Although the notices sent by the City were not models of clarity, they consistently recited the legal description of the entire property, and the critical August 7 notice repeatedly referred to "buildings." As Hroch himself alleged in requesting an injunction from the state court, the entire premises were "commonly known as 2601 Leavenworth Street." Hroch's December 1989 warning letter to Anderson—written when state court injunctive remedies were presumably still available—demonstrates that he knew the scope of the intended demolition [2] and was raising the street address issue to throw yet another obstacle into the City's condemnation path. Because Hroch had actual notice that the City intended to condemn all buildings on the premises, there was no procedural due process violation. *See generally Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

### III.

■ Relying upon *Soldal v. Cook County,* —— U.S. ——, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992), and *Conner v. City of Santa Ana,* 897 F.2d 1487 (9th Cir.), *cert. denied,* 498 U.S. 816, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990), Hroch next argues that his Fourth Amendment rights were violated when his buildings and personal property were seized (demolished) without a warrant. In *Soldal,* which involved the unlawful removal of a trailer home from a mobile home park, the Supreme Court confirmed that the Fourth Amendment protects property as well as privacy interests. In *Conner,* a divided Ninth Circuit panel held that a warrantless entry to abate a public nuisance by seizing junk cars violated the Fourth Amendment, even though the seizure was authorized by a City Council order entered after an evidentiary hearing.

*Conner* is distinguishable from this case in at least two critical respects. First, Hroch petitioned for state court review of the condemnation order and sought a temporary injunction preventing demolition. The state court denied an injunction, and Hroch does not allege that he urged that court to restrict or monitor the manner in which the demolition was then accomplished. Hroch's Fourth Amendment argument simply ignores the question whether this judicial oversight of

---

2. Hroch's reply brief explains that he "received notice that buildings at 2615 Leavenworth might be targeted for demolition only because he is a demolition contractor himself, and fortuitously received a proposal for bids on demolition of the structures."

the condemnation process "provides a constitutionally adequate substitute for a warrant." *Donovan v. Dewey,* 452 U.S. 594, 603, 101 S.Ct. 2534, 2540, 69 L.Ed.2d 262 (1981).

Second, in *Conner* city officials broke down a fence and seized the vehicles from plaintiffs' enclosed backyard. *See* 897 F.2d at 1489. Here, Hroch did not live at the Alamito Dairy site, he used the buildings only to store property salvaged from other demolitions, and he took no steps to claim or protect whatever personal property was in the buildings when he knew that demolition was imminent. Hroch's Fourth Amendment interest in these premises was negligible because he failed to take "normal precautions to maintain his privacy." *Rawlings v. Kentucky,* 448 U.S. 98, 105, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980). In these circumstances, the Fourth Amendment analysis and the Due Process analysis are "similar and yield[ ] a like result." *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 352 n. 18, 97 S.Ct. 619, 628 n. 18, 50 L.Ed.2d 530 (1977).

The Fourth Amendment protects against unreasonable searches and seizures. Particularly given the strong dissent in *Conner, see* 897 F.2d at 1495–97, we have doubts about its statements to the effect that an administrative condemnation or seizure order may never be implemented without a judicial warrant.[3] But in any event, on the facts of this case, we conclude that defendants' actions in implementing the City's condemnation order did not constitute an unreasonable seizure in violation of Hroch's Fourth Amendment rights. The City's conduct was reasonable in light of the "careful balancing of governmental and private interests" that *Soldal* requires, —— U.S. at ——, 113 S.Ct. at 549.

The judgment of the district court is affirmed.

---

**3.** *Compare United States v. Articles of Hazardous Substance,* 588 F.2d 39, 43 (4th Cir.1978), and *Founding Church of Scientology v. United States,* 409 F.2d 1146, 1150 (D.C.Cir.), *cert. denied,* 396 U.S. 963, 90 S.Ct. 434, 24 L.Ed.2d 427 (1969), which note that, while the Fourth Amendment applies to civil administrative seizures, "judicial restraint is [often] imposed through a different form of proceeding than the showing of probable cause before a magistrate."