F. Hampton ROY and Michelle
Roy, Plaintiffs,

v.

CITY OF LITTLE ROCK, Defendant.

Civ. No. LR–C–95–303.

United States District Court,
E.D. Arkansas,
Western Division.

Oct. 5, 1995.

872

William W. Hylton, III, Little Rock, AR, for plaintiffs.

Patricia J. Hays, City Attorney's Office, Little Rock, AR, for defendant.

*MEMORANDUM OPINION AND ORDER*

EISELE, District Judge.

Before the Court is defendant City of Little Rock's (the City's) Motion to Dismiss, filed in connection with plaintiffs' Amended Complaint (Docket No. 4) alleging two causes of action under 42 U.S.C.A. § 1983 (West 1994). Plaintiffs have responded to this motion, opposing the relief sought. The Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (West 1993). For the reasons expressed in the following opinion, the City's motion will be granted.

**I.**

The City argues that plaintiffs' § 1983 claims should be dismissed for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). In evaluating the merits of this motion, the Court is required to accept the allegations of plaintiffs' Amended Complaint as true. *Albright v. Oliver,* — U.S. —, —, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994). Moreover, the Court may grant the City's motion only if, after so viewing the pleadings, it is patently clear that there is no set of facts

that plaintiffs could prove thereunder which would entitle them to relief under § 1983. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir.1995).

■ Plaintiffs have alleged the following facts in their Amended Complaint which, as discussed above, must be accepted as true.[1]

Plaintiff F. Hampton Roy is the owner of a parcel of real property, commonly known as the "Kramer School," located at 701 Sherman Street in Little Rock, Arkansas.[2] The Kramer School is located within the City's McArthur Park Historic District, see Ark.Code Ann. §§ 14–172–203, –207 (Michie Supp. 1993), and is presently the subject of condemnation proceedings instituted by the City in the Pulaski County Circuit Court.[3] Amended Complaint ¶ 5; see Ark.Code Ann. §§ 18–15–301(a), –303(a) (Michie 1987).

On June 1, 1993, plaintiffs applied to the City's Historic District Commission (the Commission) for a certificate of appropriateness to demolish the Kramer School, the approval of which was a necessary precondition to the City's approval of a demolition permit for the Kramer School. Amended Complaint ¶ 6; see Ark.Code Ann. § 14–172–208(a)(1) (Michie Supp.1993). The Commission denied plaintiffs' application following a public hearing held on July 1, 1993. Amended Complaint ¶ 7; see Ark.Code Ann. §§ 14–172–209(b), –209(c) (Michie 1987). This hearing was conducted in an informal manner, as there were no formal procedures mandated by statute (or local ordinance). Amended Complaint ¶ 8. The hearing was conducted pursuant to Robert's Rules of Order, rather than the Arkansas Rules of Civil Procedure

and/or the Arkansas Rules of Evidence. Plaintiffs were not allowed to have the merits of their application determined by a jury. And while interested parties (including plaintiffs) were permitted to offer testimony, any such testimony was unsworn and any persons offering such testimony were not subject to cross-examination by plaintiffs (or, apparently, any other interested party). Amended Complaint ¶ 7.

Upon the Commission's denial of their application, plaintiffs did not exercise their statutory right to appeal the Commission's denial to the Chancery Court. Amended Complaint ¶ 9; see Ark.Code Ann. § 14–172–212(a) (Michie 1987). Plaintiffs now claim that during the period spanning the Commission's denial of their application and the City's eventual condemnation of their property, they were denied "virtually [any] economically beneficial use of [the] Kramer School." Amended Complaint ¶ 11.

## II.

■ Plaintiffs' causes of action are premised upon 42 U.S.C.A. § 1983 (West 1994), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 is a remedial statue. It " 'is not itself a source of substantive rights, but [rather] a method for vindicating federal

---

1. The parties have each submitted various documentary evidence to the Court in support of their respective positions on the present motion to dismiss. While the Court is permitted to consider such evidence beyond the pleadings, and hence transform this motion into a motion for summary judgment, Fed.R.Civ.P. 12(b); *Madewell v. Downs,* 68 F.3d 1030 (8th Cir.1995); *Angel v. Williams,* 12 F.3d 786, 788 (8th Cir.1993), the Court elects not to do so. Hence, the Court will ignore the parties' evidentiary submissions and will continue to treat this motion as a motion to dismiss under Rule 12(b)(6).

2. Plaintiff Michelle Roy is the wife of plaintiff F. Hamilton Roy. Amended Complaint ¶ 5. However, it is not alleged that Michelle Roy ever held any ownership interest in the Kramer School. Thus, there appears to be a serious question whether she has standing to prosecute this action. For purposes of this opinion, however, the Court will assume, *arguendo,* that Michelle Roy is a properly designated plaintiff.

3. Plaintiffs have not mounted any challenge to the City's condemnation of their property in these proceedings.

874

rights elsewhere conferred.'" *Albright v. Oliver, supra,* — U.S. at ——, 114 S.Ct. at 811 (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2695 n. 3, 61 L.Ed.2d 433 (1979)). Therefore, in order to evaluate plaintiffs' § 1983 claims, the Court must look to the allegations of their Amended Complaint for a description of the constitutional rights alleged to be at issue. *See Collins v. City of Harker Heights,* 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992); *Gregory v. City of Rogers,* 974 F.2d 1006, 1010 (8th Cir.1992) (en banc), *cert. denied,* — U.S. ——, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993).

### A.

■ Plaintiffs first argue that the Commission's denial of their application for a certificate of appropriateness violated their Fourteenth Amendment due process rights. Specifically, they argue that the Amendment's procedural due process protections were violated when the Commission failed to conduct a "formal" (*i.e.,* adversarial) hearing on their application.[4] At the outset, the Court notes that it appears that plaintiffs have waived their procedural due process claim, given that they declined to exercise their statutory right to appeal the Commission's denial of their application as provided by Ark.Code Ann. § 14–172–212(a) (Michie 1987). *See Hroch v. City of Omaha,* 4 F.3d 693, 696 (8th Cir.1993); *Anderson v. Douglas County, supra,* 4 F.3d at 578. This fact alone is, arguably, sufficient to dispose of plaintiffs' argument on this point. Nevertheless, the Court will proceed to address the merits of plaintiffs' procedural due process claim.

In their briefs submitted on this point, both parties have devoted their energies to arguing the question whether the hearing procedures followed by the Commission were sufficient to pass constitutional muster. These efforts, however, are misguided, for in deciding the present motion, the Court need not determine whether the Commission's hearing procedures are sufficient to satisfy the Due Process Clause, since the procedural protections of the Due Process Clause are not implicated in this case.

■ The Supreme Court has explained that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2704, 33 L.Ed.2d 548 (1972); *see also Schneider v. United States,* 27 F.3d 1327, 1332 (8th Cir. 1994), *cert. denied,* — U.S. ——, 115 S.Ct. 723, 130 L.Ed.2d 628 (1995). Thus, before a procedural due process claim can be mounted, the claimant must show that he enjoys a "legitimate claim of entitlement" to some constitutionally protected liberty or property interest, and that interest must be threatened by state action. *North Memorial Med. Ctr. v. Gomez,* 59 F.3d 735, 740 (8th Cir. 1995); *Geddes v. Northwest Mo. State Univ.,* 49 F.3d 426, 429 (8th Cir.1995). As is clear from plaintiffs' argument on this point, there is no liberty interest at issue in this dispute. Rather, their procedural due process claim is premised upon the Commission's deprivation of their alleged property interest in receiving a certificate of appropriateness for the demo-

**4.** Plaintiffs do not allege that the Commission's denial of their application violated their substantive due process rights. See, *e.g., Anderson v. Douglas County,* 4 F.3d 574, 577 (8th Cir.1993) (recognizing such a claim), *cert. denied,* — U.S. ——, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); *Chesterfield Dev. Corp. v. City of Chesterfield,* 963 F.2d 1102, 1104–05 (8th Cir.1992) (holding that no such claim exists in this circuit); *Littlefield v. City of Afton,* 785 F.2d 596, 603–09 (8th Cir. 1986) (holding that such a claim does exist in this circuit); see also *Lemke v. Cass County,* 846 F.2d 469, 470 (8th Cir.1987) (en banc) ("Whether a substantive due process claim may arise from a denial of a zoning permit is an open question in this circuit."). Nor have plaintiffs alleged that

any portion of the Historic Districts Act is so vague as to deny them due process in its application. See, *e.g., Cornerstone Bible Church v. City of Hastings,* 948 F.2d 464, 473–74 (8th Cir.1991). Accordingly, the Court expresses no opinion on the merits of any such claims, as they have not been properly brought before the Court. *Cf. Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7,* 747 F.2d 1195, 1197 (8th Cir.1984) (" '[T]here is no duty [on the part] of the ... court to create a claim which [the plaintiff] has not spelled out in his pleading....' ") (quoting *Clark v. National Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975) (further quotation omitted)).

lition of the Kramer School. Whether this alleged property interest is constitutionally protected (and is hence sufficient to sustain their § 1983 procedural due process claim) must be answered by reference to Arkansas law, since property interests do not arise from the Constitution, but "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents of State Colleges v. Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2708; *see also North Memorial Med. Ctr. v. Gomez, supra,* 59 F.3d at 740; *Williams v. Nix,* 1 F.3d 712, 717 (8th Cir.1993).

 Therefore, to establish a procedural due process cause of action, plaintiffs must demonstrate that they possessed a "legitimate claim of entitlement" to the certificate of appropriateness needed for their proposed demolition of the Kramer School. *Scott v. City of Sioux City,* 736 F.2d 1207, 1217 (8th Cir.1984), *cert. denied,* 471 U.S. 1003, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985). "This entitlement could be based upon state or local law or upon an express contract or mutual understanding with the defendant[ ]." *Id.* (citing *Board of Regents of State Colleges v. Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2708 and *Perry v. Sindermann,* 408 U.S. 593,

600–03, 92 S.Ct. 2694, 2698–700, 33 L.Ed.2d 570 (1972)). Plaintiffs do not allege that they had any such contract or understanding with either the City or the Commission. Thus, their claim of entitlement must be predicated upon Arkansas law governing the issuance of certificates of appropriateness in historical districts.[5] Under the terms of Ark.Code Ann. § 14–172–209(b)(3) (Michie 1987), the Commission is empowered with the authority to grant or deny applications for certificates of appropriateness, provided only that its decisions are "appropriate to the preservation of the historic district,"[6] and that its reasons for the denial of any such application are placed on the record. Ark.Code Ann. § 14–172–209(c)(2) (Michie 1987). Moreover, it is clear, under controlling precedent, that the Commission's exercise of its § 14–172–209(b)(3) approval authority is a discretionary, quasi-legislative act, and that its exercise of that authority is reviewable only under the arbitrary and capricious standard.[7] *Second Baptist Church v. Little Rock Historic Dist. Comm'n,* 293 Ark. 155, 161–63, 732 S.W.2d 483, 486–87 (1987).

 Given that the Commission's approval of an application for a certificate of appropriateness is discretionary, *i.e.,* is not re-

---

5. Plaintiffs do not allege that the Kramer School was not subject to the conditions of the Historic Districts Act when they purchased that property, and hence they cannot argue that they enjoyed any vested right in the development of that property free from the conditions imposed by that legislation. *Compare Nemmers v. City of Dubuque,* 716 F.2d 1194, 1197–98 (8th Cir.1983) (applying Iowa's vested rights law).

6. Section 14–172–209(b)(3) provides in full:

The commission shall determine whether the proposed construction, reconstruction, alteration, restoration, moving, or demolition of buildings, structures, or appurtenant fixtures involved will be appropriate to the preservation of the historic district for the purposes of this subchapter, or whether, notwithstanding that it may be inappropriate, owing to conditions especially affecting the structure involved, but not affecting the historic district generally, failure to issue a certificate of appropriateness will involve a substantial hardship, financial or otherwise, to the applicant, and whether the certificate may be issued without substantial detriment to the public welfare and

without substantial derogation from the intent and purpose of this subchapter.

7. The City advances the proposition that, in interpreting the Historic Districts Act, the Arkansas Supreme Court erred in adopting the arbitrary and capricious standard for appeals from decisions of the Commission under Ark.Code Ann. § 14–172–212 (Michie 1987). It is not patently apparent the standard of review adopted by the Arkansas Supreme Court is irreconcilable with the statutory language of § 14–172–212, though it does appear that the application approval decisions of the Commission enjoy a more deferential standard of review than those of other Arkansas land-use agencies. *Compare City of Jonesboro v. Vuncannon,* 310 Ark. 366, 370–71, 837 S.W.2d 286, 288 (1992).

In any event, neither this Court nor any other federal court sits as a court of errors to correct alleged misinterpretations of Arkansas law by the Arkansas Supreme Court. Thus, it is totally inappropriate for the City to advance such an argument in this case. This Court simply is not free to disregard or second-guess the Arkansas Supreme Court's interpretation of Arkansas law, and it must take that court's decisions (and distinctions) on such issues at face value.

quired upon the satisfaction of some rigid statutory framework, it follows that plaintiffs did not possess a "legitimate claim of entitlement" to the certificate of appropriateness they sought (at most they had an expectation of receiving approval of their application). *Walker v. City of Kansas City,* 911 F.2d 80, 94–95 (8th Cir.1990) (plurality opinion of Bowman, J.), *cert. denied,* 500 U.S. 941, 111 S.Ct. 2234, 114 L.Ed.2d 476 (1991); *see also Littlefield v. City of Afton, supra,* 785 F.2d at 600–02 (property right only attaches if a land-use authority lacks discretion to deny an application). Hence, plaintiffs had no constitutionally protected property interest in the approval of their application for that certificate. A statute which "place[s] no substantive limitations on official discretion create[s] no interest entitled to protection under the Due Process Clause." *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983); *see also; Walker v. City of Kansas City, supra,* 911 F.2d at 94–95 (plurality opinion of Bowman, J.). Since plaintiffs did not possess a constitutionally protected property interest in the issuance of the certificate of appropriateness which they sought, it follows that their § 1983 procedural due process claim must fail, as the Commission was not required, as a constitutional matter, to afford plaintiffs with any particular process prior to denying their application.[8] *Walker v. City of Kansas City, supra,* 911 F.2d at 94 (plurality opinion of Bowman, J.); *cf. Scott v. City of Sioux City, supra,* 736 F.2d at 1217.

8. Indeed, it appears that the Commission was not obligated to hold any hearing on plaintiffs' application. *See* Ark.Code Ann. § 14–172–209(b)(1) (Michie 1987) ("The Commission *may* hold such public hearings as are necessary in considering any applications for certificates of appropriateness.") (emphasis added).

9. The Fifth Amendment's Takings Clause is applicable to the states through the Due Process Clause of the Fourteenth Amendment, *Chicago, Burlington & Quincy R.R. Co. v. Chicago,* 166 U.S. 226, 235–41, 17 S.Ct. 581, 584–86, 41 L.Ed. 979 (1897), so plaintiffs' takings claim is cognizable under § 1983. *See Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 398–402, 99 S.Ct. 1171, 1175–77, 59 L.Ed.2d 401 (1979); *see also Consolidated Freightways Corp. of Del. v. Kassel,* 730 F.2d 1139, 1147 (8th Cir.) ("Violations of the fourteenth amendment, in-

## B.

Plaintiffs next argue that the Commission's denial of their application for a certificate of appropriateness effected a "temporary taking" of their property, arguing that they were deprived of "virtually" any viable economic use of the Kramer School during the period spanning from the Commission's denial of their application until the City's ultimate condemnation of their property.[9] See *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987) (holding that "temporary takings" are encompassed within the Fifth Amendment's Takings Clause). The Takings Clause does not prohibit the state's taking of private property for public use. Rather, the Takings Clause only requires that "just compensation" be paid for any property so taken. U.S. Const. amend. V; *see Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.,* 452 U.S. 264, 297 n. 40, 101 S.Ct. 2352, 2371 n. 40, 69 L.Ed.2d 1 (1981). Moreover, the Takings Clause does not require that compensation be paid either in advance or contemporaneously with the taking. Instead, the Takings Clause is satisfied provided that a " 'reasonable, certain and adequate provision for obtaining compensation' " is available to the landowner at the time of the taking. *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 124–25, 95 S.Ct. 335, 348–49, 42 L.Ed.2d 320 (1974) (quoting *Cherokee Nation v. Southern Kan. R.R. Co.,* 135 U.S. 641, 659, 10 S.Ct. 965, 971, 34 L.Ed. 295 (1890)).

cluding those which involve the deprivation of property, are clearly within the ambit of § 1983."), *cert. denied,* 469 U.S. 834, 105 S.Ct. 126, 83 L.Ed.2d 68 (1984).

Of course, by stating that they were deprived of "virtually" any economically beneficial use of their property, plaintiffs' takings claim may be facially deficient, since the term "virtually" implies that there was, in fact, some economically beneficial use to which their property could be put. *See Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1015–18, 112 S.Ct. 2886, 2893–95, 120 L.Ed.2d 798 (1992) (holding that a taking occurs only if the owner is deprived of *any* economically beneficial use of his property). Given the Court's ultimate resolution of this matter, however, the Court need not (and does not) express a final opinion on this particular issue.

Thus, "if a State provides an adequate procedure for seeking just compensation, the property owner[s] cannot claim a violation of the Just Compensation Clause [under § 1983] until [they] ha[ve] used the procedure and been denied just compensation." *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985).

Like its federal counterpart, the Arkansas Constitution prohibits the taking of private property for public use without just compensation, Ark. Const. Art. 2, § 22 (1874); see *Robinson v. City of Ashdown,* 301 Ark. 226, 229–32, 783 S.W.2d 53, 55–56 (1990); *Young v. Gurdon,* 169 Ark. 399, 407, 275 S.W. 890 (1925), and Arkansas has, by statute, authorized a cause of action allowing property owners to obtain compensation for any property so taken. Ark.Code Ann. § 18–15–102 (Michie 1987); see also Ark.Code Ann. §§ 18–15–304 to –308 (Michie 1987). Further, it is plain that Arkansas recognizes a cause of action requiring just compensation to be paid for any "temporary taking" of private property by the state or its political subdivisions. *City of Fayetteville v. Stanberry,* 305 Ark. 210, 214–17, 807 S.W.2d 26, 28–29 (1991). According to the allegations of plaintiffs' Amended Complaint, however, it appears that they have never sought compensation for the City's alleged "temporary taking" of their property.[10] Therefore, since plaintiffs have failed to avail themselves of the measures for obtaining compensation for any such "temporary taking" afforded by Arkansas law, their takings claim brought under § 1983 is premature and must be dismissed. *Collier v. City of Springdale,* 733 F.2d 1311, 1316–17 (8th Cir.), *cert. denied,* 469 U.S. 857, 105 S.Ct. 186, 83 L.Ed.2d 120 (1984); *Light v. Blackwell,* 472 F.Supp. 333, 336–39 (E.D.Ark.1979), *aff'd,* 620 F.2d 307 (8th Cir.1980) (table); *see also Littlefield v. City of Afton, supra,* 785 F.2d at 608–09; *Harrison v. Springdale Water & Sewer*

*Comm'n,* 780 F.2d 1422, 1426–27 (8th Cir. 1986).

## III.

IT IS THEREFORE ORDERED that the City of Little Rock's Motion to Dismiss[11] be, and it is hereby GRANTED.

---

10. Moreover, it is clear that such a cause of action is still available to plaintiffs, as the statute of limitations for a takings claim under Arkansas law is seven years (the limitations period applicable to adverse possession actions under Ark.Code

Ann. § 18–61–101 (Michie 1987)). *See Sebastian Lake Dev., Inc. v. United Tel. Co.,* 240 Ark. 76, 81, 398 S.W.2d 208, 211 (1966).

11. Docket No. 5.