No. 95-3647

John D. Samuels; Mary Samuels,*
                                *
        Appellees,        *
                                *
    v.                          *
                                *
David Meriwether, Individually*
and as City Manager of the  *
City of Hope, Arkansas,        *
                                *     Appeal from the United States
        Appellant,        *   District Court for the
                                *     Western  District  of  Arkansas.
Dennis Ramsey, Individually    *
and as Mayor of the City of    *
Hope, Arkansas; David Johnson,*
Individually and Vice Mayor of*
the City of Hope, Arkansas;    *
J. C. Winemiller, Individually*
and as a Member of the Board  *
of Directors of the City of    *
Hope, Arkansas; Don Still,  *
Individually and as a Member  *
of the Board of Directors of  *
the City of Hope, Arkansas;    *
Bucky Sharp, Individually and  *
as a Member of the Board of    *
Directors of the City of Hope,*
Arkansas; Willie Walker,        *
Individually and as a Member  *
of the Board of Directors of  *
the City of Hope, Arkansas;    *
Doodle Franklin, Individually  *
and as a Member of the Board  *
of Directors of the City of    *
Hope, Arkansas,                *
                                *
        Defendants,        *
                                *
Dale Garrett, Individually and*
as an employee of the City of  *
Hope, Arkansas; City of Hope,  *
Arkansas,                       *
                                *
        Appellants.        *

Submitted:  April 12, 1996

Filed:  August 30, 1996
_____

Before MAGILL and LOKEN, Circuit Judges, and GOLDBERG,* Judge.
_____

GOLDBERG, Judge.


Dale Garrett, Code Enforcement Officer for the City of Hope, Arkansas, and David Meriwether, City Manager, appeal from the district court's denial of a motion for summary judgment based on qualified immunity.  The City appeals on the merits of the denial of summary judgment.  Garrett, Meriwether and the City, among others not mentioned here, were named as defendants in a lawsuit filed under 42 U.S.C. § 1983 by John D. Samuels and Mary Samuels.  The Samuels alleged that the destruction of their building by the City violated both the Procedural Due Process Clause of the Fourteenth Amendment and the "reasonableness" requirement of the Fourth Amendment.  Construing all facts in favor of the Samuels, we find that the City and its officials acted reasonably and that no violation of federal law occurred.  Accordingly, no liability attaches to the City and City employees Garrett and Meriwether are entitled to qualified immunity.  We reverse.


I.  Background


On November 2, 1993, a fire destroyed one of three apartments in a building owned by the Samuels.  Garrett, acting under the direction of City Manager Meriwether, inspected the building and

_____

*THE HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International Trade, sitting by designation.

-2-

posted a sign declaring the structure unsafe for human occupancy. The electricity and water company discontinued service.

An exchange of correspondence ensued between the Samuels and the City. On November 12, the City sent a letter outlining twenty conditions found to be in violation of City ordinances. Three days later, the City sent another letter listing additional violations including rubbish and burnt furniture on the property. Finally, three weeks later, on December 6, the City notified the Samuels by letter that the property was in violation of City Ordinance No. 1203, which provides for condemnation and removal of nuisance structures. A copy of the ordinance was included with the letter. The letter notified the Samuels that a hearing was set for January 18, 1994 to consider condemnation of their property. The letter was sent certified mail; the signature card shows that Mary Samuels received the letter.

The Samuels attended this hearing, at which time the Board of Directors of the City of Hope adopted a resolution directing the Samuels to clean and repair the exterior of the building and to start work on the interior within thirty days and no later than February 18. If the building was not brought into compliance with City regulations by that date, the City would destroy the structure at the property owner's expense. There was a discussion regarding an extension of the February 18th deadline if steps were taken to repair the buildings. However, the minutes proved that the Board did not grant an extension, and found that the building constituted a nuisance under City Ordinance No. 1203. A copy of that resolution was mailed to the Samuels indicating that if the nuisance was not abated within 30 days, the City would destroy the structure at the Samuels' expense.

During the month after the hearing, Code Enforcement Officer Garrett conducted numerous drive-by inspections and determined that the Samuels had not complied with the Board's resolution.

Accordingly, City Manager Meriwether ordered Garrett to proceed with demolition, which was performed on February 22, 1994.

The Samuels filed suit in district court. They claim that they never received notice of the Board's decision, that they had substantially complied with the resolution, and that there was no communication between the City and the Samuels until after the building had been destroyed. The City sought summary judgment, claiming that the City did not violate the Samuels' Fourth Amendment or procedural due process rights and that City employees Meriwether and Garrett were entitled to qualified immunity. The district court denied the motion.

## II.  Appellate Jurisdiction

There is an exception to the final decision rule of 28 U.S.C. § 1291 where a district court denies immunity to a government official. Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985). Government officials performing discretionary functions are shielded from liability for civil damages and are entitled to qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).

We have jurisdiction over the present case under the emerging standard governing the appealability of qualified immunity cases. In Johnson v. Jones, 515 U.S. ___, 115 S. Ct. 2151, 2158 (1995), the Supreme Court held that to be appealable, the denial of summary judgment issues must involve application of established legal principles. A summary judgment motion denied on the basis of disputes of "evidence sufficiency," concerning facts that may or may not be able to be proven at trial, are not immediately appealable and must await final judgment. Id. at ___, 115 S. Ct. at 2156. Johnson involved an appeal by three police officers from

the denial of their summary judgment motion seeking qualified immunity from plaintiff's claim that they beat him during arrest. The officers conceded that they were present at the arrest, but they denied that they had beaten the plaintiff or that they had been present when others beat him. The officers claimed qualified immunity based on their contention that the beating never occurred. The Supreme Court affirmed the Seventh Circuit's holding that it lacked appellate jurisdiction because of the factual dispute concerning the conduct of the officers. In Behrens v. Pelletier, ___ U.S. ___, 116 S. Ct. 834, 842 (1996), the Supreme Court clarified that Johnson permits immediate review of qualified immunity cases in which all the facts "which the District Court deemed sufficiently supported for purposes of summary judgment met the Harlow standard of 'objective legal reasonableness.'"

Unlike Johnson, the present case involves application of the law and does not turn on the sufficiency of the evidence. The actions of the City and its employees are not in dispute. We only need to apply legal standards to the facts as construed in favor of the non-moving party.

In qualified immunity cases, we also have limited jurisdiction to reach the merits. Drake v. Scott, 812 F.2d 395, 399 (8th Cir. 1987); Dawkins v. Graham, 50 F.3d 532, 534 (8th Cir. 1995). We may decide claims that are "inextricably intertwined" with the district court's denial of the summary judgment motion. Swint v. Chambers County Com'n, ___ U.S. ___, 115 S. Ct. 1203, 1211-2 (1995); Kincade v. City of Blue Springs, Mo., 64 F.3d 389, 394-95 (8th Cir. 1995). In the present case, both the qualified immunity claim and the Procedural Due Process and Fourth Amendment claims require application of the same constitutional tests. Thus, the analyses of the underlying constitutional claims are subsumed in the qualified immunity issue.

III.  Procedural Due Process

In general, procedural due process requires that a hearing before an impartial decision maker be provided at a meaningful time, and in a meaningful manner, prior to a governmental decision which deprives individuals of a liberty or property interest.  Mathews v. Eldridge, 424 U.S. 319, 332-3, 96 S. Ct. 893, 901-2 (1976).  We have held that where a property owner is given written notice to abate a hazard on his or her property and has been given an opportunity to appear before the proper municipal body considering condemnation of the property, no due process violation occurs when the municipality abates the nuisance pursuant to the condemnation notice.  Hagen v. Traill County, 708 F.2d 347, 348 (8th Cir. 1983) (per curiam) (upheld legality of destruction of building for failure to abate nuisance after notice and hearing).

The City destroyed the Samuels' building after a hearing at which the Samuels presented their position to the Board, and after the Samuels were given a 30 day period to abate the nuisances or face demolition.  Without more, no due process violation occurred.  Due process does not require additional opportunities to abate nuisances or to meet with City officials after the notice and hearing have been provided.

Nevertheless, the Samuels dispute a number of facts, which we will consider in turn:  (1) they did not receive notice of the City's decision to condemn; (2) they did not see a condemnation sign posted on the property; (3) they understood that the Board had granted an extension of time to repair the property.

The Samuels' first two claims, even if true, would not bar a grant of summary judgment in this case.  The Samuels conceded that they received the City's notice of December 6 and that they had notice of the City's intentions from the board meeting which they attended.  Because the Samuels had actual notice that the City

intended to condemn the building, there was no procedural due process violation. <u>Mennonite Board of Missions v. Adams</u>, 462 U.S. 791, 800, 103 S. Ct. 2706, 2712 (1983) (notice to mortgagee of tax foreclosure); <u>Hroch v. City of Omaha</u>, 4 F.3d 693, 696 (8th Cir. 1993) (demolition of a building pursuant to City board condemnation).

As to the Samuels' claim that they understood that the Board had granted an extension of time, minutes of the meeting show that the Board did not actually extend the deadline. The Board only discussed the possibility that it would reconsider condemnation and an extension of time if the Samuels began work on the structure immediately. The Board kept the property on the condemnation list, informed the Samuels of the deadline after which demolition would be scheduled, and sent notice accordingly.

We conclude that the Samuels were provided adequate procedural protection prior to destruction of the building. Meriwether and Garrett acted in accordance with the Board's resolution issued pursuant to a noticed hearing. Garrett's multiple inspections of the outside of the property were sufficient to assess whether the Samuels had complied with that part of the resolution pertaining to the outside of the building. After Garrett and Meriwether determined that the Samuels had not complied with the resolution, the City carried out demolition pursuant to the Board's resolution. The Samuels were not entitled to any further notice under the law. No violation of procedural due process occurred.

## IV. <u>Fourth Amendment</u>

The Samuels contend that the City's seizure of their property violated the Fourth Amendment. In <u>United States v. Soldal</u>, the Supreme Court held that a "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." 506 U.S. 56, 61, 113 S. Ct. 538, 543

–7–

(1992) (quoting <u>United States v. Jacobsen</u>, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984)).

According to <u>Soldal</u>, in determining whether a government seizure violates the Fourth Amendment, the seizure must be examined for its overall reasonableness. 506 U.S. at 71, 113 S. Ct. at 549 ("'reasonableness is still the ultimate standard' under the Fourth Amendment") (citations omitted). The analysis must be based upon a careful balancing of governmental and private interests. <u>Soldal</u>, 506 U.S. at 71, 113 S. Ct. at 549.

Defendants argue that if the government provides procedural due process of law, nothing more must be done to satisfy the reasonableness requirement of the Fourth Amendment. <u>Flatford v. City of Monroe</u>, 17 F.3d 162, 170 (6th Cir. 1994) (interpreting <u>Soldal</u>) (eviction from apartment). We disagree.

We think that the Supreme Court's ruling in <u>Soldal</u> requires more. To collapse the Fourth Amendment reasonableness standard into the Fourteenth Amendment notice and hearing requirements in all cases is to ignore <u>Soldal</u>. When a Fourth Amendment claim is brought, we need to conduct an independent review of the seizure for reasonableness in addition to any analysis regarding procedural due process.

Many seizures carried out in accordance with procedural due process will undoubtedly survive Fourth Amendment review. The Supreme Court anticipated this in <u>Soldal</u>. 506 U.S. at 71, 113 S. Ct. at 549. For instance, we have held that a seizure pursuant to a court order is reasonable under the Fourth Amendment. <u>Coleman v. Watt</u>, 40 F.3d 255, 263 (8th Cir. 1994) (impoundment of motor vehicle). Similarly, we have held that seizure pursuant to a City board condemnation hearing is reasonable under the balancing test mandated in <u>Soldal</u>. <u>Hroch</u>, 4 F.3d at 696-7 (demolition of a building pursuant to City board condemnation). These holdings

suggest that an abatement carried out in accordance with procedural due process is reasonable in the absence of any factors that outweigh governmental interests.

In the present case, the City acted pursuant to a noticed hearing and a resolution effectuating municipal ordinances.  The Samuels have failed to raise any factual issues that advance a valid claim of unreasonable behavior on the part of the City or its agents.  Accordingly, we hold that no violation of the Fourth Amendment occurred.

## V.  Conclusion

We find that no violation of the Procedural Due Process Clause of the Fourteenth Amendment or of the Fourth Amendment occurred.  We reverse the district court's denial of summary judgment accordingly.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.