

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2002

# Manganaro v. Reap

Precedential or Non-Precedential:

Docket 1-2217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Manganaro v. Reap" (2002). *2002 Decisions.* Paper 129.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/129

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2217
_____

LUCIAN W. MANGANARO,

Appellant

v.

ROBERT REAP; WILLIAM KEPPING; MATTHEW J. KULHANEK; ROBERT L.
DALBERTO; BETTY GREY; WALTER K. HAUSE; KAREN J. KARCHNER;
RICHARD E. KNORR; DAVID WALTON; LUCILLE B. WHITMIRE; BOROUGH
OF BERWICK
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-00299
District Judge:  The Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
February 12, 2002
_____

Before: MANSMANN, McKEE, and BARRY, Circuit Judges

(Opinion Filed:  February 15, 2002 )
_____

MEMORANDUM OPINION
_____

BARRY, Circuit Judge

Appellant Lucian Manganaro challenges the District Court's grant of summary judgment to defendants, the Borough of Berwick, Pennsylvania, and various Borough officials, in his 1983 action. He alleges that the District Court erred in its factual determinations as well as in its legal rulings when it rejected his claims that defendants violated his right to procedural due process and his rights under the Fourth Amendment. The District Court had jurisdiction under 28 U.S.C. 1331 and 1343. This Court has jurisdiction pursuant to 28 U.S.C. 1291. We will affirm.

The facts of the case are known to the parties, and we will not recount them here except as necessary to place into context the legal issues appellant raises. His first two issues simply recast his procedural due process claim. He argues that the notice he received as to the demolition of his property, and the administrative procedures afforded him to challenge any action taken against that property, were deficient. His argument is unavailing. Regardless of how appellant characterizes the December 22, 1998, letter, that letter did inform him of the problems with the property and the administrative procedures he could -- but did not -- follow to challenge any Borough decisions regarding the property. The December 22nd letter and those that followed met the requirements of procedural due process approved by this Circuit. DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995); cf. Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988). Moreover, appellant's claim that he need not have followed the procedures outlined in those letters because the Appeals Board was improperly empaneled is not supported by the authority he himself cites. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (where an administrative process provides appropriate due process, "the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants").

Appellant's third issue on appeal concerns his Fourth Amendment claim. He suggests that factual disputes over the reasonableness of the Borough's action in demolishing his property warrant proceeding to trial. Appellant is incorrect. "Reasonableness" in this context entails weighing a number of factors, Soldal v. Cook

County, 506 U.S. 56, 62 (1992), including the danger posed by a damaged building to
public safety.  Where a building is condemned for the danger it poses, proper notice is
given to the owner, and adequate recourse is given him to challenge any action taken by
the local government, demolishing that building cannot be ruled unreasonable as a matter
of law.  Freeman v. City of Dallas, 242 F.3d 642, 652-55 (5th Cir. 2000) ("The ultimate
test of reasonableness is fulfilled in this case by the City's adherence to its ordinances and
procedures as a prelude to ordering the landowners to abate their nuisance structures.")
(footnote omitted); Samuels v. Meriwether, 94 F.3d 1163, 1168 (8th Cir. 1996)
(suggesting that "an abatement carried out in accordance with procedural due process is
reasonable in the absence of any factors that outweigh governmental interests").

Appellant has not shown that the District Court erred by neglecting material facts
in dispute, or by misapplying the relevant legal standards.  The District Court's grant of
summary judgment to defendants will, therefore, be affirmed.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Memorandum Opinion.

/s/ Maryanne Trump Barry
Circuit Judge