# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1729

———————

Danny G. Goe,                                    *
                                                 *
          Appellant,                  *
                                                 *
                                                 *  Appeal from the United States
    v.                                           *  District Court for the
                                                 *  Eastern District of Missouri.
City of Mexico, Missouri, a municipal            *
corporation,                                     *  [UNPUBLISHED]
                                                 *
          Appellee.                   *

———————

Submitted: February 7, 2007
Filed: February 14, 2007

———————

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

———————

PER CURIAM.

     Danny G. Goe appeals from the district court's[1] adverse grant of summary judgment in his civil rights action against the City of Mexico, Missouri (City). Upon de novo review, *see Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775 (8th Cir. 1995), we affirm.

———————

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

The City condemned and destroyed a mobile home owned by Goe in December 1999 for building code violations. Goe sued the City alleging violations of his equal protection and due process rights. The district court properly granted summary judgment on the equal protection claim because the only relevant evidence in the record was the affidavit of the City Manager, who declared that the City treated all property owners alike. Goe neither opposed the City's motion nor sought permission to conduct additional discovery. *See Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997) (where shelter is not sought under Rule 56(f), a court may properly grant summary judgment on the record before it).[2] Goe has waived any challenge he may have to the dismissal of his due process claim by failing to brief the issue. *See Milligan v. City of Red Oak, Iowa*, 230 F.3d 355, 360 (8th Cir. 2000) (assertion of error is waived unless supported by argument and legal authority). In any event, evidence in the record established that the City satisfied Goe's right to due process by sending six written deficiency notices which informed him of the building code violations and by providing him an opportunity to appeal those notices. *See Samuels v. Meriwether*, 94 F.3d 1163, 1166-67 (8th Cir. 1996) (written notice and opportunity to appear before the proper municipal body satisfies due process requirements).

The judgment of the district court is affirmed. *See* 8th Cir. Rule 47B.

_____

[2]In addition, Goe's brief on appeal does not comply with the Federal Rules of Appellate Procedure because neither the statement of facts nor the argument section contains any citations to the record. *See* Fed. R. App. P. 28(a)(7) (statement of facts must cite to the record), 28(a)(9) (argument must cite to authorities and record).