ALD-016, ALD-017                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1668
_____

MICHAEL DUFFY,

Appellant

v.

KENT COUNTY LEVY COURT; P. BROOKS BANTA
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 09-cv-00198)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 23, 2014
_____

No. 14-1669
_____

MICHAEL DUFFY,

Appellant

v.

M. MANGE, CEO; KENT COUNTY DELAWARE;
P. BROOKS BANTA, also known as Brooke; KENT LEVY COURT Inc.

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 11-cv-00013)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 23, 2014

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: November 14, 2014)

_____

O P I N I O N[1]

_____

**PER CURIAM**

Michael Duffy appeals pro se from District Court orders entering judgment in

favor of the defendants.  For the following reasons, we will grant the Appellees' motions

to summarily affirm.

In May 2008, a storm damaged structures on a property in Kent County, Delaware,

that is owned by Duffy.  The Division of Inspections and Enforcement of the Kent

County Department of Planning Services deemed several of those structures unsafe and

ordered their demolition if the unsafe conditions were not corrected.  After negotiating

_____

[1] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

for several months with Kent County authorities regarding the rehabilitation or demolition of the structures, Duffy filed a civil action in the Court of Chancery. While that lawsuit was ongoing, Duffy was granted a demolition permit but failed to fully raze the structures. Consequently, after proving Duffy with notice that it intended to proceed with demolition, Kent County caused the structures to be demolished. Kent County placed a lien on the property in the amount of $1400, the cost of the demolition. Thereafter, Duffy initiated several lawsuits, including the two District of Delaware cases relevant to his present appeals.

In the first case, Duffy, who claims that he is disabled because of Parkinson's Disease, alleged that the Kent County Levy Court (Kent County) and one of its commissioners, P. Brooks Banta, violated the Americans with Disabilities Act (ADA). By order entered September 27, 2010, the District Court granted the defendants' motions to dismiss Commissioner Banta because the ADA provides for recovery against only a public entity. Several years later, a Magistrate Judge recommended granting Kent County's motion for summary judgment because Duffy failed to "produce sufficient evidence to create a material issue of fact as to whether he suffers from a disability within the meaning of the ADA." The Magistrate Judge also concluded that even if Duffy were disabled, his ADA claim would fail because he did not demonstrate that he was excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities. By order entered March 10, 2014, the District Court adopted the Magistrate Judge's recommendation, granted the motion for summary judgment, and entered

judgment in favor of Kent County. Duffy appealed, and the matter was docketed here at C.A. No. 14-1668.

In the second case, Duffy alleged that Kent County, Banta, and another commissioner, Michael J. Petit de Mange, caused a taking of his property without compensation in violation of the Fifth Amendment, and that the demolition of the structures resulted in an unlawful seizure under the Fourth Amendment.[2] The defendants filed a motion for summary judgment. The Magistrate Judge recommended granting that motion because condemnation of the structures was necessary to protect public safety and because Duffy was given proper notice and adequate recourse to challenge the demolition. The District Court adopted the Magistrate Judge's report and recommendation. Duffy appealed. The matter was docketed here at C.A. No. 14-1669.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient

---

[2] Duffy also alleged violations of the False Claims Act, federal statutes pertaining to eminent domain (16 U.S.C. § 814 and 49 U.S.C. § 24311), and Federal Rule of Civil Procedure 71.1, which governs condemnation proceedings. By order entered May 3, 2011, the District Court dismissed those claims as frivolous under 28 U.S.C. § 1915(e)(2)(B) because they "have either been raised in various other complaints here and in the State Court, or they are related to the other cases [Duffy] has filed." Duffy does not designate that judgment as one which he seeks to appeal. See Fed. R. App. P. 3(c)(1). Even if he had, however, we would affirm, for the reasons provided by the District Court.

4

factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). Summary

judgment is proper where, viewing the evidence in the light most favorable to the

nonmoving party and drawing all inferences in favor of that party, there is no genuine

dispute as to any material fact and the moving party is entitled to judgment as a matter of

law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir.

2006). We may affirm on any basis supported by the record. See Fairview Twp. v. EPA,

773 F.2d 517, 525 n.15 (3d Cir. 1985).

Duffy alleged that Kent County and Commissioner Banta violated Title II of the

ADA, which provides that "no qualified individual with a disability shall, by reason of

such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132. To establish a prima facie case under the ADA, Duffy "must

demonstrate (1) that []he is a qualified individual with a disability; (2) that the defendants

are subject to [the ADA]; and (3) that []he was denied the opportunity to participate in or

benefit from defendants' services, programs, or activities, or was otherwise discriminated

against by defendants, by reason of [his] disability." Harris v. Mills, 572 F.3d 66, 73-74

(2d Cir. 2009). In support of his claim, Duffy asserted that Kent County and

Commissioner Banta failed to assist him in correcting the violations on his property and

denied his request for a trash dumpster. The undisputed facts, however, establish that

5

Duffy was neither "excluded from participation" nor "denied . . . benefits" because of his disability.[3]

After receiving notification that structures on his property had been deemed unsafe, Duffy contacted Kent County, identifying himself as disabled and requesting assistance in complying with the condemnation order. In response, Kent County met with Duffy and explained the demolition and rehabilitation process, discussed the requirements for permits and deadline extensions, and offered to assign a staff member to assist Duffy. Kent County also provided Duffy several extensions of time in which to correct the unsafe conditions on his property and granted his request for a demolition permit. The only adverse action occurred when Kent County rejected Duffy's request for a trash dumpster. The Director of the Department of Planning Services for Kent County explained in an affidavit that, although the County had provided two dumpsters for a community-organized storm debris clean-up event, it "never provides trash dumpsters at its expense to private land owners for activities that benefit only one person or parcel of land." By contrast, Duffy offered no evidence indicating that the decision to deny a dumpster was motivated by his disability. See CG v. Pa. Dep't of Educ., 734 F.3d 229, 236 (3d Cir. 2013) (stating that to satisfy the ADA's causation requirement, "Plaintiffs must prove that they were treated differently based on the protected characteristic, namely the existence of their disability."). Under these circumstances, we conclude that

---

[3] In our discussion, we will assume, without deciding, that Duffy was a qualified individual with a disability under the ADA.

the District Court properly granted the motion to dismiss Commissioner Banta and Kent County's motion for summary judgment on Duffy's ADA claims.

The District Court also properly granted summary judgment in favor of the defendants on Duffy's Fourth and Fifth Amendment claims. The Fifth Amendment, made applicable to state and local governments through the Fourteenth Amendment, authorizes the taking of private property for public use if just compensation is paid to the owner. See Cowell v. Palmer Twp., 263 F.3d 286, 290 (3d Cir. 2001). A Takings Clause claim cannot lie where the plaintiff was not deprived of all beneficial uses of his property. See Andrus v. Allard, 444 U.S. 51, 65-66 (1979). Assuming that Duffy's Fifth Amendment claim was ripe, see Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 195 (1985), we conclude that the defendants' actions did not constitute a taking. There is no dispute that Duffy maintained ownership of the property and that the structures on that property were unsafe. Notably, the destruction of the unsafe structures was performed pursuant to exercises of traditional police power, "which do not entitle the individuals affected to compensation." National Amusements Inc. v. Borough of Palmyra, 716 F.3d 57, 63 (3d Cir. 2013) (recognizing that the "government must pay just compensation for . . . takings 'except to the extent that "background principles of nuisance and property law" independently restrict the owner's intended use of the property.'" (quoting Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 537 (2005))); McKenzie v. City of Chicago, 118 F.3d 552, 557 (7th Cir. 1997) ("Razing nuisances, like killing diseased livestock and burning infected plants, is a time-honored use of a state's

7

police power"). In addition, Duffy has not shown that the lien on his property "foreclose[d] all economically viable uses of the land." Cowell, 263 F.3d at 291 (holding that imposition of a municipal lien did not constitute a taking).

Duffy also failed to establish the existence of a genuine issue of material fact concerning his claim that the defendants violated his rights under the Fourth Amendment. A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). Whether a government seizure violates the Fourth Amendment depends on its overall reasonableness, which must be based upon a "careful balancing of governmental and private interests." Id. at 71 (quoting New Jersey v. T.L.O., 469 U.S. 325, 341 (1985)). Here, the Magistrate Judge properly concluded that the seizure was reasonable because the structures on Duffy's property posed a danger to the public, because the defendants provided Duffy with proper notice of the condemnation and demolition, and because Duffy was able to challenge the defendants' actions, including seeking an injunction in the Court of Chancery. See Freeman v. City of Dallas, 242 F.3d 642, 651 (5th Cir. 2001) (en banc) (holding that warrantless demolition of a nuisance property was not unreasonable where "the City[] adhere[d] to its ordinances and procedures as a prelude to ordering the landowners to abate their nuisance structures."); Samuels v. Meriwether, 94 F.3d 1163, 1168 (8th Cir. 1996) (concluding that no Fourth Amendment violation occurred where "the City acted pursuant to a noticed hearing and a

8

resolution effectuating municipal ordinances.").  Therefore, the defendants were entitled

to judgment as a matter of law.

Accordingly, as these appeals present no substantial question, we will grant the

Appellees' motions to summarily affirm the judgments of the District Court.[4]

---

[4] We have considered Duffy's letter in support of appeal (filed in C.A. No. 14-1668 on May 2, 2014), his "Motion of Objections," which outlines the causes for his appeals (filed in C.A. Nos. 14-1668 and 14-1669 on May 21, 2014), and his document in support of appeal (filed in C.A. No. 14-1668 on Oct. 8, 2014).  All of Duffy's outstanding motions in both appeals are denied.